Appeal from First District.

## In re BROWN'S ESTATE.

No. 3298.   Decided March 8, 1919.   (179 Pac. 652.)

1. TAXATION—INHERITANCE TAX—APPRAISEMENT—SETTING ASIDE AP-
PRAISEMENT.   Under Comp. Laws 1917, section 3191, relating to
inheritance taxes, a district court has no power to reduce the
appraised value, of an estate, but can, if competent and material
evidence is produced, set aside the appraisement and appoint
other appraisers to make another appraisement.   (Page 76.)

2. TAXATION—INHERITANCE TAX—APPRAISEMENT.   Comp. Laws 1917,
section 3191, relating to inheritance taxes, did not authorize
court to fix a date on which an appraisement should be made,
a former appraisement having been set aside, and a new ap-
praisement could not be legally made without notice to parties
interested, including state treasurer.   (Page 76.)

3. TAXATION—"INHERITANCE TAX"—APPRAISEMENT OF ESTATE.   An
"inheritance tax," under Comp. Laws 1917, sections 3187, 3190,
3191, being a succession or transfer tax rather than a property
tax, the value of the property of the estate is to be determined
as of the date of the death of the decedent.   (Page 76.)

4. TAXATION — INHERITANCE TAX — APPRAISEMENT — OBJECTIONS —
FINDINGS.   Comp. Laws 1917, section 3191, relating to appraise-
ment of estates for purposes of levying an inheritance tax,
clearly implies that in case objections to appraisement are filed,
the court shall after a hearing make findings of fact to con-
form to evidence produced, and upon such findings make con-
clusions of law and enter judgment accordingly.   (Page 78.)

5. TAXATION—INHERITANCE TAX—OBJECTIONS TO APPRAISEMENT—
REVIEW.   Any interested party, including the state treasurer,
may appeal from a judgment rendered by the court after a
hearing of objections to an appraisement, under Comp. Laws
1917, section 3191, and may have the findings of fact and con-
clusions of law as to such matters reviewed, the same as in other
cases.   (Page 78.)

6. TAXATION—INHERITANCE TAX—APPRAISEMENT—SETTING ASIDE.
The court may not, under Comp. Laws 1917, section 3191, arbi-
trarily set aside an appraisement of an estate for an inheritance
tax, and order a reappraisement; the statute contemplating a
hearing, and that appraisement shall not be set aside, unless
objectors produce "competent and material" evidence from
which findings are justified that appraisement is too high or too
low.   (Page 78.)

Appeal from the District Court of Box Elder County,
First District; *Hon. J. D. Call*, Judge.

In the matter of the estate of one Brown deceased.

From an order of the district court setting aside an appraisement and appointing other appraisers, the State Treasurer, on behalf of the state, appeals.

REVERSED and REMANDED.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby* and *H. Van Dam, Jr.,* all of Salt Lake City, Asst. Attys. Gen., for appellant.

*B. C. Call* of Brigham City, for respondent.

FRICK, J.

This is an appeal by the state treasurer, on behalf of the state of Utah, from an order or judgment of the district court of Box Elder county setting aside an appraisement made by the duly appointed inheritance tax appraisers of said county, who had duly appraised the estate named in the title for the purpose of determining the amount of inheritance tax due to the state.

It appears from the record that the appraisement was duly made and returned on September 2, 1917, and that the order or judgment setting the same aside and appointing other appraisers, which order is appealed from, was entered July 3, 1918.

The Attorney General and his assistants, who represent the state. treasurer on this appeal, in effect insist that the appraisement as made and returned by the inheritance tax appraisers of the county aforesaid was duly and legally made; that the district court's order or judgment setting aside said appraisement and appointing other appraisers was not only erroneous, but it was and is void and of no force or effect, and hence the original appraisement as made and returned by the inheritance tax appraisers should be reinstated and enforced.

The Attorney General's contention is based upon the provisions of our statute, sections 3187, 3190, and 3191, Comp. Laws 1917. Section 3187 of the compilation aforesaid provides for the appointment and qualification of inheritance tax appraisers. Sections 3190 and 3191 read as follows:

3190: "It shall be the duty of all appraisers appointed under the provisions of this title to forthwith give notice to the state treasurer and other persons known to be interested in the property to be appraised, of the time and place at which they will appraise such property, which time shall not be less than ten days from the date of such notice. The notice shall be served in the same manner as is prescribed for the commencement of civil actions, and if not practicable to serve the notice provided for by statute, they shall apply to the court or a judge in vacation for an order as to notice, and upon service of such notice and the making of such appraisement, the said notice, return thereon, and appraisement shall be filed with the clerk, and a copy of such appraisement shall be filed by the clerk with the state treasurer."

3191: "The state treasurer or any person interested in the estate appraised may, within twenty days thereafter, file objections to said appraisement, on the hearing of which as an action in equity, either party may produce evidence competent or material to the matters therein involved. If, upon such hearing, the court finds the amount at which the property is appraised is at its value on the market in the ordinary course of trade, and the appraisement was fairly and in good faith made, it shall approve such appraisement; but if it finds that the appraisement was made at a greater or less sum than the value of the property in the ordinary course of trade, or that the same was not fairly or in good faith made, it shall set aside the appraisement, appoint new appraisers, and so proceed until a fair and good appraisement of the property is made at its value in the market in the ordinary course of trade. The state treasurer, or any one interested in the property appraised, may appeal to the Supreme Court from the order of the district court approving or setting aside any appraisement to which exceptions have been filed. Notice of appeal shall be served within thirty days from the date of the order appealed from, and the appeal shall be perfected in the time now provided for appeals in equitable actions. In case of appeal, the appellant, if he is not the state treasurer, shall give bond to be approved by the clerk of the court, to pay the tax, which bond shall provide that the said appellant and sureties shall pay the tax for which the property may be liable, with cost of appeal. If upon the hearing of objections to the appraisement, the court finds that the property is not subject to the tax, the court shall, upon expiration of time for

appeal, when no appeal has been taken, order the clerk to enter upon the lien book a cancellation of any claim or lien for taxes. If at the end of twenty days from the filing of the appraisement with the clerk, no objections are filed, the appraisement shall stand as approved."

The order or judgment appealed from was based upon objections to the appraisement returned by the inheritance tax appraisers, made by an interested person as **1-3** contemplated by our statute, which objections, in substance, are that the said appraisement so made by the said inheritance tax appraisers "is illegal and excessive and far above the fair market value in the ordinary course of trade of the real estate"—that is, the real estate owned by the deceased at the time of his death. Upon a hearing on said objections the district court entered an order substantially reducing the appraised value of the real estate belonging to said estate. Afterwards, it seems, the court became convinced that it was without authority, under the statute, to make such an order, and it then set aside its former order and entered the order or judgment appealed from, in which it set aside the original appraisement and appointed three other appraisers "to reappraise the said estate for inheritance tax purposes." In the last order the court required said appraisement to be made "on the 5th day of July, 1918, at 10 o'clock a. m."—that is, within three days from the making of the order, and without notice. A mere cursory reading of the statute we have quoted from shows that the district court had no power to reduced the appraised value of the estate as it attempted to do. If "competent and material" evidence had been produced, however, that the appraisement was too high, then the court had the power to set aside the appraisement and to appoint other appraisers whose duty it would be to make an appraisement. The statute, however, did not authorize the court to fix a date on which the appraisement should be made, nor could such an appraisement legally be made, under the statute, without notice to the parties interested in the estate, including the state treasurer.

The Attorney General however also insists that the court

exceeded its power in setting aside the original appraisement for the reason that no "competent" evidence was produced by the objectors to authorize the court to make such an order. There seems to be much force to that contention. In view that an inheritance tax is universally held to be a succession or transfer tax rather than a property tax the value of the property of the estate is generally to be determined as of the date of the death of the decedent. In Ross, Inheritance Taxation, section 259, the law upon this question is stated in the following words:

"Since inheritance taxes are imposed upon the succession rather than upon the property, and the succession takes place at the time of the decedent's death, it follows that the tax is to be measured by the value of the estate as of the death of the decedent, not as of the date of the probate of the will, the distribution of the estate, or any other proceeding looking towards the administration of the estate and the collection of the tax. The appraisement is to be made and the tax fixed according to the value of the property as of the day of the decedent's death, without regard to subsequent depreciation, appreciation, or income, unless, as is the case in Montana and perhaps some other states, the statute expressly requires the increase to be taken in consideration. This general rule has been recognized by the courts, although not clearly expressed or required by the statutes."

In Gleason & Otis, Inheritance Taxation, p. 262, the rule is stated thus:

"Though the tax is on the transfer and not upon the property the value of the property transferred is used as a yardstick whereby to measure the value of the transferred interest. As we have seen, the value must, unless the statute specifies otherwise, be at the date of death and no subsequent change can affect it."

To the same effect is section 334, Blakemore & Bancroft, Inheritance Taxes, and section 309, Lincoln, Inheritance Tax Law. Numerous cases are cited which support the texts quoted from Ross and from Gleason & Otis. It is not necessary to cite those cases here.

In this case the objections to the appraisement were not made, nor was the hearing had, until about four years after the death of the decedent, and all of the evidence produced by the objectors respecting value was limited as of the time of the hearing, at which time it was claimed the lands, for

reasons stated, were of less value than they were at the time of the death of the decedent. It is manifest that such evidence was clearly "incompetent and immaterial" under our statute, and hence in no way affected the correctness of the appraisement as returned by the inheritance tax appraisers. The Attorney General is therefore right in his contention that there was no "competent" evidence produced which authorized the court to set aside the appraisement as returned by the inheritance tax appraisers.

The district court's order or judgment was also erroneous for other reasons. For instance: The statute clearly implies that in case objections to the appraisement are filed and after hearing the "competent and material" evidence referred to in the statute the court shall make findings of fact as contemplated by the statute to conform to the evidence produced and upon such findings make conclusions of law and enter judgment accordingly. Any interested party, including the state treasurer, may then appeal from the judgment and have the findings of fact and conclusions of law reviewed by this court the same as in other cases. The court may not arbitrarily set aside the appraisement and order a reappraisement. That may only be done in case there 4-6 is sufficient "competent and material" evidence produced to warrant the findings contemplated by the statute. If the preponderance of the evidence sustains the appraisement returned by the inheritance tax appraisers, or if there is no "competent" evidence against the appraisement, the court should not set it aside and appoint other appraisers as was attempted in this case. The statute not only contemplates a hearing in proceedings of this kind, but it contemplates that the appraisement returned by the inheritance tax appraisers shall not be vacated or set aside unless the objectors produce "competent and material" evidence from which findings are justified that the appraisement is unfair, or too high, or too low, as the case may be, or is defective in some other respect. In such proceedings both the state and the parties interested in the estate are entitled to the same consideration, and the court is required to make findings of fact and conclusions

of law, based upon competent and material evidence as in all other cases, and unless the appraisement is shown to be unfair or erroneous, or contrary to the provisions of the statute, it must prevail.

From what has been said it follows that the order or judgment appealed from cannot prevail. It also follows that all of the orders made by the district court in this case to which we have referred are contrary to the provisions' of the statute and are therefore manifestly erroneous. The order or judgment appealed from is therefore reversed, and the cause is remanded to the district court of Box Elder county, with directions to set aside all of the orders herein referred to, and to hear all "competent and material" evidence that may be produced by the interested parties relating to the value of the estate of the decedent at the time of his death, and to proceed with the case in accordance with the views herein expressed and as provided by the statute to which we have referred. Costs to be paid out of the estate.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.